UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMMY ORLANDO COLLIER, #262040

                Petitioner,

                                           Case No. 2:21-cv-10569
v.                                         Honorable Victoria A. Roberts

ACTING WARDEN CHANDLER CHEEKS,

                Respondent.

_____/

## **ORDER TRANSFERRING CASE TO THE SIXTH CIRCUIT COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

This matter came before the Court on Timmy Orlando Collier's *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Petitioner challenges his 1998 conviction for first-degree murder. *Id*. at PageID.1. Because the habeas petition is a second or successive petition, the Court must transfer the petition to the Court of Appeals for a determination of whether this Court has jurisdiction to entertain Petitioner's claims.

## I. Background

In 1998, a jury in Oakland County Circuit Court found Petitioner guilty of first-degree murder, Mich. Comp. Laws § 750.316. The trial court sentenced Petitioner to life imprisonment for the crime, and the Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion. *See People v. Collier,*

No. 215573, 2001 WL 672844 (Mich. Ct. App. Apr. 27, 2001). On May 30, 2002, the Michigan Supreme Court denied leave to appeal and denied Petitioner's motion for a remand to the Michigan Court of Appeals for consideration of new issues that Petitioner raised in supplemental appellate briefs. *See People v. Collier*, 645 N.W.2d 665 (Mich. 2002).

In 2003, Petitioner filed a habeas corpus petition that challenged the same murder conviction at issue in this case. *See Collier v. Renico*, No. 2:03-cv-73383 (E.D. Mich. Sept. 5, 2003). This Court denied the 2003 petition on February 28, 2005, after concluding that none of Petitioner's claims warranted habeas relief. *See id.*, ECF No. 26.

Petitioner appealed the Court's decision and moved for a certificate of appealability. The Court granted a certificate of appealability on Petitioner's claim that the police violated his right not to incriminate himself and his right to the assistance of counsel during an interrogation. The United States Court of Appeals for the Sixth Circuit affirmed the Court's judgment on that issue and denied a certificate of appealability on Petitioner's remaining habeas claims. *See Collier v. Renico*, No. 05-1379 (6th Cir. Aug. 3, 2006) (unpublished).

In 2017, Petitioner filed another federal habeas corpus petition challenging the same conviction. He raised three claims regarding trial and appellate counsel, the sufficiency of the evidence to convict him, and the prosecutor's conduct. The

judge assigned to that case transferred the petition to the Sixth Circuit Court of Appeals as a second or successive petition. *See Collier v. Stephenson*, No. 2:17-cv-11732 (E.D. Mich. June 5, 2017). On October 27, 2017, the Sixth Circuit Court of Appeals denied the application because Petitioner did not meet the requirements for filing a second or successive habeas petition. *See In re Collier*, No. 17-1645 (6th Cir. Oct. 27, 2017).

Petitioner subsequently filed a motion for relief from judgment in the state trial court. The trial court denied the motion because it was a second or successive motion and because Petitioner had not satisfied the exceptions for filing a second or successive motion. *See People v. Collier*, No. 98-157225-FC (Oakland Cty. Cir. Ct. Nov. 8, 2019); *see also* ECF No. 1, PageID.10-11, in this case. The Michigan Court of Appeals dismissed Petitioner's subsequent application for leave to appeal. *See People v. Collier.* No. 352229 (Mich. Ct. App. Apr. 16, 2020); *see also* ECF No. 1, PageID.13, in this case. On September 29, 2020, the Michigan Supreme Court denied leave to appeal because Michigan Court Rule 6.502(G) prohibited Petitioner from filing another motion for relief from judgment. *See People v. Collier*, 945 N.W.2d 588 (Mich. 2020).

On February 18, 2021, Petitioner filed his current habeas corpus petition. He claims that: (1) the State lacked jurisdiction to bind him over for trial; and (2) the Court should hold an evidentiary hearing so that he can challenge the veracity of a

complaint and arrest warrant that were not supported by an affidavit. (ECF No. 1, PageID.5, 7.)

## II. Discussion

As demonstrated above, this is not Petitioner's first habeas corpus petition challenging his first-degree murder conviction. The Supreme Court, moreover, recently explained that, although "[a] state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction," he or she "may not usually make a 'second or successive habeas corpus application.' " *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C. § 2244(b)). A habeas petitioner who wants to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(e)(A); *In re Tibbetts*, 869 F.3d 403, 405 (6th Cir. 2017).

"The phrase 'second or successive application,' . . . is a 'term of act,' which 'is not self-defining.' " *Banister*, 140 S. Ct. at 1705 (quoting *Slack v. McDaniel*, 529 U.S. 473, 486 (2000), and *Panetti v. Quarterman*, 551 U.S. 930, 943 (2007)); *see also In re Caldwell*, 917 F.3d 891, 893 (6th Cir. 2019) (noting that § 2244(b) "limits 'second or successive' applications," but "does not define 'second or successive' "). Nevertheless, it is clear from § 2254 and the relief it provides that the phrase "must be interpreted with respect to the judgment challenged." *Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010).

The Sixth Circuit's decisions establish that a petition normally is "second or successive" if "[i]t amounts to a second or successive attempt to invalidate the judgment authorizing the petitioner's confinement." *In re Caldwell*, 917 F.3d at 893 (citing *Magwood*, 561 U.S. at 332-33). A petition is not second or successive when "ripeness prevented, or would have prevented, a court from adjudicating the claim in an earlier petition" or when "a federal court dismissed an earlier petition because it contained exhausted and unexhausted claims and in doing so never passed on the merits." *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017).

This Court dismissed Petitioner's first habeas petition on the merits, and his current petition is another attempt to invalidate the same state-court judgment. Petitioner's current claims, moreover, were ripe when Petitioner filed his initial petition. Thus, the current petition is a second or successive petition.

Federal district courts lack jurisdiction to consider a second or successive habeas petition without prior authorization from the appropriate Court of Appeals. *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3) and *Burton v. Stewart*, 549 U.S. 147, 149 (2007)). Furthermore, the Sixth Circuit held in *In re Sims*, 111 F.3d 45 (6th Cir. 1997), that "when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *Id*. at 47.

Petitioner did not obtain permission from the Sixth Circuit Court of Appeals to file a second or successive petition. Accordingly, the Court orders the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) and *In re Sims*.

IT IS SO ORDERED.

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: 5/3/2021